IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT ENDRIKAT,** | : | |
| Plaintiff | : | |
| | : | No. 1:21-cv-01684 |
| v. | : | |
| | : | (Judge Kane) |
| **RANSOM, et al.,** | : | |
| Defendants | : | |

**MEMORANDUM**

On October 1, 2021, pro se Plaintiff Robert Endrikat ("Endrikat"), who is presently incarcerated in the State Correctional Institution-Waymart ("SCI-Waymart"), initiated the above-captioned action by filing a 340-page complaint against forty-seven defendants connected to SCI-Waymart and other governmental entities within the Pennsylvania state government. (Doc. No. 1.) Endrikat also filed a motion for leave to proceed in forma pauperis. (Doc. No. 12.) The Court granted the motion for leave to proceed in forma pauperis and screened the complaint pursuant to the Prison Litigation Reform Act of 1995 ("PLRA")[1] on October 15, 2021. (Doc. Nos. 14-15.) The Court concluded that the complaint failed to state a claim upon which relief could be granted. (Id.) The Court accordingly dismissed the complaint without prejudice and granted Endrikat leave to file an amended complaint. (Id.)

Endrikat filed an amended complaint on November 12, 2021, again raising civil rights claims under 42 U.S.C. § 1983 against forty-seven defendants. (Doc. No. 17.) The Court screened the amended complaint and concluded that it failed to state a claim upon which relief

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

could be granted with respect to all defendants other than Defendants Chaple and Elliott. (Doc. Nos. 19-20.) The Court granted Endrikat leave to file a second amended complaint. (Id.)

Endrikat filed a second amended complaint on February 4, 2022. (Doc. No. 26.) The second amended complaint is 240 pages in length, which does not include 309 pages of exhibits or a 12-page memorandum of law that Endrikat has filed in support of the complaint. The Court has screened the second amended complaint and concludes that it fails to state a claim upon which relief may be granted. The court will dismiss Endrikat's claims against Defendants Chaple and Elliott without prejudice, dismiss his claims against all other Defendants with prejudice, and grant him one final opportunity to amend his claims against Defendants Chaple and Elliott. If Endrikat cannot file a complaint that complies with Rule 8, this case will be dismissed without further leave to amend.

## I.      LEGAL STANDARD

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. See id. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See id. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a

prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See, e.g., Smithson v. Koons, No. 15-cv-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").  To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff.  See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials.  See 42 U.S.C. § 1983.  The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id.  "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors."  See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)).  To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the

4

conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

## II. DISCUSSION

### A. Endrikat's Second Amended Complaint

Endrikat's second amended complaint suffers from the same pleading defects that were present in his original complaint. The second amended complaint is 240 pages in length, not including an additional 377 pages of exhibits or the 12-page memorandum of law that Endrikat has filed in support of the complaint, and it contains very few well-pleaded factual allegations despite its voluminous length. (See Doc. Nos. 26-27.) Culling through the complaint to find factual allegations that support Endrikat's claims is needlessly difficult given the complaint's length and lack of detail. Dismissal of the complaint is therefore appropriate because its excessive length combined with a lack of clarity and detail violates Rule 8's requirement of a short and plain statement showing that the plaintiff is entitled to relief. See, e.g., Stephenatos v. Cohen, 236 F. App'x 785, 787 (3d Cir. 2007) (affirming dismissal of complaint where complaint was approximately 150 pages in length, included 400 pages of exhibits, and was "largely unintelligible"); Klein v. Met Ed, No. 3:19-cv-00275, 2020 WL 94077, at *4 (M.D. Pa. Jan. 8, 2020) (dismissing 275-page complaint that contained "virtually no well-pleaded facts"); Snider v. Pa. DOC, No. 4:15-cv-00951, 2018 WL 6184786, at *4-5 (M.D. Pa. Apr. 18, 2018) (recommending dismissal where complaint was 47 pages long, contained 552 paragraphs, and was "needlessly long, highly repetitive, and largely verbose"), report and recommendation adopted, No. 4:15-cv-00951, 2018 WL 4941028, at *2 (M.D. Pa. Oct. 12, 2018); Dougherty v. Advanced Wings, LLC, No. 1:13-cv-00447, 2013 WL 4041589, at *2 (M.D. Pa. Aug. 7, 2013)

(dismissing case because 105-page complaint was "neither short and plain, nor concise and direct" (internal quotation marks omitted)).

**B.     Leave to Amend**

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962).  The Court may deny a motion to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  See id.  The Court should also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief may be granted.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, the Court will deny further leave to amend with respect to Endrikat's claims against all Defendants other than Chaple and Elliott.  Endrikat has had three opportunities to state a claim upon which relief may be granted against these Defendants and has repeatedly failed to do so.  The Court concludes that further leave to amend would be futile.  See Foman, 371 U.S. at 182 (noting that leave to amend may be denied based on plaintiff's repeated failure to cure pleading deficiencies previously identified by the court).

Given that Endrikat previously stated a claim upon which relief could be granted against Defendants Chaple and Elliott, the Court will permit Endrikat one final opportunity to amend his

6

complaint with respect to his claims against Chaple and Elliott. Any amendment filed by Endrikat must comply with the pleading requirements of Federal Rule of Civil Procedure 8. If Endrikat cannot file a complaint that complies with Rule 8, this case will be dismissed without further leave to amend. See id. Endrikat is advised that the amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the first three complaints or any other document already filed. The amended complaint should set forth Endrikat's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts that he claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim. If Endrikat fails to file an amended complaint, the case will be dismissed without further leave to amend.

### III.     CONCLUSION

For the foregoing reasons, the Court will dismiss Endrikat's second amended complaint. Endrikat's claims against Defendants Chaple and Elliott will be dismissed without prejudice. Endrikat's claims against all other Defendants will be dismissed with prejudice. Endrikat will be granted one final opportunity to file an amended complaint that complies with Rule 8 with respect to his claims against Chaple and Elliott only. An appropriate Order follows.